UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC BEAUCHAMP,<br><br>Defendant. | No. 1:11-cr-00384-NONE<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF COMPASSIONATE RELEASE DENIAL<br><br>(Doc. No. 165) |

On September 1, 2020, defendant Eric Beauchamp moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his medical conditions and the risk allegedly posed to him by the ongoing coronavirus ("COVID-19") pandemic. (Doc. No. 149.) The court denied defendant's motion for compassionate release on November 23, 2020. (Doc. No. 164.) On December 1, 2020, defendant filed a motion for reconsideration of the court's order denying his motion for release. (Doc. No. 165.) For the reasons discussed below, the court will deny defendant's motion for reconsideration.

"Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are allowed in criminal cases." *United States v. Jones*, 916 F. Supp. 2d 83, 86 (D.D.C. 2013). The Local Rules provide that motions for reconsideration in criminal cases must demonstrate "what new or different facts or circumstances are claimed to exist that did not exist

1

or were not shown upon such prior motion or what other grounds exist for the motion." E.D. Cal. R. 430.1(i).

In his motion for reconsideration, defendant argues that the court erred in the following ways: (1) concluding that he tested positive for COVID-19; (2) stating that his motion failed to cite any cases granting compassionate release to an inmate similarly situated to him; and (3) stating that he was sentenced to a below-guideline term of imprisonment when he actually was sentenced to a low-end-of-the-guideline sentence. (Doc. No. 165 at 1–4.) Defendant argues these facts "were integral in the court's decision in denying" defendant's motion for compassionate release. (*Id.* at 4.)

According to defendant's medical records generated by the Bureau of Prisons ("BOP"), he was listed as an "asymptomatic person in quarantine" on or about April 1, 2020. (Doc. No. 161 at 2 (sealed: "Health Problems").) It is true that defendant's medical records do not explicitly state that he tested positive for COVID-19. However, generally speaking, an asymptomatic individual: (1) has recovered from an illness but no longer displays symptoms; or (2) has an illness but is not displaying symptoms. *Asymptomatic*, U.S. NATIONAL LIBRARY OF MEDICINE: MEDLINE PLUS, https://medlineplus.gov/ency/article/002217.htm (last visited Dec. 30, 2020). Therefore, asymptomatic people are those who have contracted an illness. Assuming the BOP uses the term in keeping with its recognized meaning, it appears from the record that defendant Beauchamp did contract COVID-19 around April 1, 2020. Although defendant submitted a declaration in connection with his motion claiming he never received a COVID-19 test, (Doc. No. 149-24 at 5), the court must weigh those statements against the actual medical evidence before it.[1] Nonetheless, the court recognizes that the BOP may not use the term "asymptomatic" as it is generally understood. Even if it were the case that defendant did not actually test positive for COVID-19, and was only exposed to the virus on or about April 1, 2020, the court would still

---

[1] Defendant's declarations are signed electronically. (Doc. Nos. 149-24, 162-2.) However, defense counsel did not state that defendant signed original copies of his declarations. *See* E.D. Cal. R. 131(f) ("Documents that are required to be signed by a person who is not the attorney of record in a particular action . . . may be submitted in electronic formatting bearing a "/s/" and the person's name on the signature line *along with a statement that counsel has a signed original*[.]" (emphasis added)); *see also* E.D. Cal. R. 400(a) (incorporating general rules in criminal actions).

2

deny his motion for compassionate release. The court's order denying the requested relief recognized the possibility of reinfection from COVID-19 but concluded that defendant's medical conditions were not so severe as to warrant a finding of extraordinary and compelling reasons. (Doc. No. 164 at 12.) As noted in that order, defendant suffers from only one condition that "might" place him at heightened risk if he were to contract COVID-19: his body mass index, which places him in the overweight, but not obese, category. (*Id.* at 10.) After careful review, the court concluded based upon the evidence presented that defendant suffers only from mild asthma, which is not an at-risk category for COVID-19 according to the U.S. Centers for Disease Control and Prevention. (*Id.* at 8–11.) Finally, while defendant may be at a somewhat higher risk of severe illness from COVID-19 because he is 52 years old, that heightened risk is relative to the risk posed to younger individuals. (*Id.* at 10 ("As you get older, the risk for severe illness from COVID-19 increases.").) Even if defendant has not yet contracted COVID-19, based on his age (which is only an at-risk category of sorts) and weight (which "might" put him at heightened risk), the court still concludes that defendant is not "suffering from a serious . . . medical condition . . . from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13, cmt. n.1 (A)(ii). Additionally, in his motion for compassionate release defendant failed to submit any evidence establishing that he was "substantially diminishe[d] [in his] ability . . . to provide self-care" inside his prison facility. *See id.* (*See also* Doc. No. 154 at 6 (sealed: noting that in June of this year, defendant appeared "[w]ell, [a]lert and [o]riented").) The risk of severe illness if defendant were to contract COVID-19, which is minimal to defendant based on his middle age and weight, does not alter that conclusion. In sum, defendant failed—and still fails—to demonstrate extraordinary and compelling reasons justifying his compassionate release.

Second, and relatedly, the pending motion for reconsideration does not persuade the court that it failed to consider a decision granting compassionate release to an inmate suffering from the same or similar medical conditions as defendant Beauchamp. In moving for reconsideration, defendant cites a decision from a judge of this district court. (Doc. No. 165 at 3) (citing *United States v. Pickard*, No. 2:11-cr-00449-KJM, 2020 WL 4227510 (E.D. Cal. July 23, 2020)). However, in *Pickard*, the inmate suffered from chronic bronchitis and moderate, not mild,

asthma. 2020 WL 4227510, *5. Also, before the COVID-19 pandemic began, the inmate at issue in that case had previously complained "of chest pain, shortness of breath and respiratory distress." *Id.* Defendant Beauchamp notes that in *Pickard* the district court found a moderate asthma condition based on BOP's instructions to the inmate to take two puffs of his inhaler four times per day. (Doc. No. 165 at 3.) Defendant argues that this court must also conclude that he suffers from at least moderate asthma because he was given the same instruction for using his inhaler, though he cites only his own declaration in support of that contention instead of his BOP medical records listing his prescriptions. (*Id.*) (citing Doc. No. 162-2). Defendant's reliance on the decision in *Pickard* is misplaced for three reasons. First, defendant's BOP medical records explicitly state that he should not use his inhaler daily, (Doc. No. 154 at 17 (sealed: "Don't use daily.")), a fact which he omits from his motion for reconsideration. Second, there is additional evidence in defendant's BOP medical records suggesting that his asthma condition does not cause persistent symptoms: his inhaler should only be used to prevent or relieve asthma attacks, (*id.*), his respiratory system was recently noted as showing "no distress," (Doc. No. 161 at 4 (sealed)), and critically, his asthma condition is not induced by ordinary day-to-day activities, but rather, only when he exercises, (*id.* at 2.) Put simply, defendant Beauchamp's asthma condition is clearly not analogous to the condition suffered by the inmate before the court in *Pickard*, who complained of serious respiratory issues before the COVID-19 pandemic even began and was instructed to use his inhaler daily. Third, the inmate in *Pickard* also suffered from chronic bronchitis, 2020 WL 4227510 at *5, which is a condition that by itself places individuals at greater risk of contracting a severe illness from COVID-19, unlike moderate asthma which "might" place individuals at greater risk, *Coronavirus Disease 2019 (COVID-19): People Who Are at Increased Risk for Severe Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last visited Dec. 30, 2020). Thus, the circumstances presented in *Pickard* are not similar to those presented here.

Finally, in his motion for reconsideration defendant argues that the court incorrectly stated that he was sentenced to a below-guideline term of imprisonment when he actually received a

4

1  low-end-guideline sentence. (Doc. No. 165 at 3–4.) As a threshold matter, this argument goes to
2  whether a sentence reduction is consistent with the sentencing factors set forth at 18 U.S.C. §
3  3553(a), even though defendant's motion for compassionate release was denied based on a lack of
4  medical necessity. (Doc. No. 164 at 13 ("Because the pending motion fails to establish
5  extraordinary and compelling reasons justifying compassionate release in this case, the court need
6  not address whether any reduction in defendant's sentence would be consistent with consideration
7  of the sentencing factors set forth at 18 U.S.C. § 3553(a).").) The presentence report prepared in
8  defendant's case stated that the base offense level for his conduct was 18 because he was found to
9  be responsible for cultivating 172 marijuana plants. (Doc. No. 103 (Presentence Report) at 8
10 (stating adjusted offense level was 17 after a two-level increase for being an organizer and a
11 three-level reduction for acceptance of responsibility.) In his sentencing memorandum, defendant
12 argued that his base offense level should have been 16 because some of the marijuana plants did
13 not yet have roots and thus, he technically cultivated less than 172 marijuana plants. (*See* Doc.
14 No. 109.) Defendant now contends in his motion for reconsideration that the sentencing judge
15 concluded his base offense level was 16, his adjusted offense level was 15, and his advisory
16 guideline range called for a term of imprisonment of between 24 and 30 months. (*See* Doc. No.
17 165 at 3–4.)[2] Assuming that is in fact the case, which the court has no reason to doubt, the
18 undersigned finds that a 24-month and low-end-guideline sentence is entirely appropriate in light
19 of defendant's offense conduct and criminal history. While serving a state-prison sentence for
20 murder, defendant was convicted in this case for operating a marijuana grow operation outside of
21 prison that involved more than 100 plants. (Doc. No. 103 (Presentence Report) at 4–6.) The
22 granting of a sentence reduction in this case would not reflect the seriousness of defendant's
23 offense of conviction, promote respect for the law, provide just punishment, or afford adequate

---

[2] This point was not addressed by the parties' briefs submitted in connection with the original motion for compassionate release. Nor do the minutes of defendant's sentencing, or any other entry on the court's electronic docket, reflect the guideline range as actually determined by the court at the time of defendant's sentencing. In the undersigned's order denying the motion for compassionate release it was assumed that the sentencing judge adopted the presentence report's guideline calculation.

deterrence to criminal conduct.[3]  *See* § 3553(a); *see also United States v. Purry*, No. 2:14-cr-00332-JAD-VCF, 2020 WL 2773477, at *2 (D. Nev. May 28, 2020) ("The low-end guidelines sentence he received was and remains sufficient but not greater than necessary[.]").  Because the court concludes that granting defendant Beauchamp's compassionate release would be inconsistent with the appropriate consideration of the § 3553(a) sentencing factors, his motion for compassionate release would have been appropriately denied on that basis as well.

For the reasons explained above, defendant Beauchamp's motion for reconsideration of the order denying his compassionate release (Doc. No. 165) is denied.

IT IS SO ORDERED.

Dated:  **January 2, 2021**                    /s/ Dale A. Drozd
                                                UNITED STATES DISTRICT JUDGE

---

[3] The court acknowledges that defendant's projected release date from prison is March 31, 2021. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Dec. 30, 2020).  At the same time, and as the government points out, defendant pleaded guilty to a superseding information that allowed him to avoid the five-year mandatory minimum sentence required for offenses involving 100 or more marijuana plants.  *See* 18 U.S.C. § 841(b)(1)(B)(vii). (Doc. Nos. 158 at 23 n.3; *see also* 98 (Plea Agreement), 100 (Superseding Information).)